## AUGUST S. WEHRHEIM

### *v.*

## JAMES H. GILBERT.

*Filed at Ottawa October 11, 1895.*

APPEALS AND ERRORS—*question of sufficiency of the evidence must be raised in trial court.* The claim that there was no evidence to support the verdict cannot be presented, on appeal, as a question of law, where the trial court was not asked to pass upon it by instruction, motion for new trial, or otherwise.

*Wehrheim* v. *Gilbert*, 55 Ill. App. 378, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

GEORGE W. PLUMMER, for appellant.

WEIGLEY, BULKLEY, GRAY & EASTMAN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of replevin, by appellant, against appellee, as sheriff, in the Superior Court of Cook county. On a trial by jury the verdict and judgment were for the defendant. The Appellate Court having affirmed the judgment of the Superior Court, this appeal is prosecuted.

The property replevied is a stock of clothing, boots and shoes, the plaintiff claiming the same by purchase from one Joseph B. Lutz. The defendant seized the goods under several writs of attachment sued out by creditors of Lutz. The question on the trial was, did the plaintiff purchase the goods from Lutz in good faith, without notice of any intention on his part to hinder and delay his creditors.

It was not contended in the Appellate Court, nor is it here, that the jury were unfairly instructed, nor that there was any error in the ruling of the trial court in the admission or exclusion of testimony. The brief and argument of counsel for appellant in that court, re-filed here, are based upon the single assignment of error, "the judgment is not sustained by the evidence in the case." The consideration of that assignment of error by this court is prohibited by section 89 of chapter 110. (2 Starr & Curt. 1851). It is true, counsel asserts that the record shows *no evidence* to support the verdict, but how that question is presented here as one of law is not attempted to be shown. The trial court was not asked to pass upon it by instructing the jury to find for the plaintiff, to order a new trial on that ground, or otherwise. As was said in *Cothran* v. *Ellis*, 125 Ill. 496: "How can this court, with any propriety of language, be said to re-examine a question on appeal which was not raised or passed upon by the court below?" The judgment of the Appellate Court

must therefore be affirmed without reference to the merits of the question discussed by counsel. But if this were not so, the result would be the same. It is not true that the evidence introduced by the defendant, with all the inferences fairly deducible therefrom, does not tend to establish the defense.                    *Judgment affirmed.*